# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3845

———————

United States of America,          *
                              *

        Appellee,      *   Appeal from the United States
                          *   District Court for the Southern
   v.                      *   District of Iowa.
                          *

Pamuceno Rodriguez-Zuniga,   *      [UNPUBLISHED]
                          *

        Appellant.     *

———————

Submitted: May 10, 2005
Filed: May 16, 2005

———————

Before MURPHY, FAGG, and BENTON, Circuit Judges.

———————

PER CURIAM.

After he was implicated in drug activity, Pamuceno Rodriguez-Zuniga was questioned by police at his home and made incriminating statements. Before trial, Rodriguez-Zuniga filed a motion to suppress the statements alleging police had not given him <u>Miranda</u> warnings before questioning him. After a hearing, the district court[*] denied Rodriguez-Zuniga's motion, finding "no support for [his] claim that [he] was interrogated, or that he made any incriminating statements, prior to being given <u>Miranda</u> warnings by law enforcement." The statements were admitted at trial,

———————

[*]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

and a jury convicted Rodriguez-Zuniga of conspiracy to distribute and possession with intent to distribute methamphetamine. Rodriguez-Zuniga now appeals his conviction arguing their admission violates Miranda v. Arizona, 384 U.S. 436 (1966). We affirm.

Under Miranda, the Government may not use statements made during custodial interrogations unless the defendant has previously been advised of his Fifth Amendment privilege against compulsory self-incrimination and right to an attorney Id. at 444. Rodriguez-Zuniga contends the district court should have granted his motion to suppress, either before or during the trial, or his request for a mistrial, because the officers did not advise him of his Fifth Amendment privilege before he made the incriminating statements.

At the hearing on Rodriguez-Zuniga's motion to suppress, the federal agents who conducted the interview testified Rodriguez-Zuniga was advised of his Miranda rights before questioning. The agents stated that although the time of the Miranda waiver was noted on one form as 4:41 p.m., the agents had finished the interview by 4:34 and the notation was a mistake. One agent's notes indicated the Miranda warning was given at 3:25 p.m., and both agents agreed that was the correct time. The district court credited the agents' testimony, finding Rodriguez-Zuniga had been given Miranda warnings before making his incriminating statements and the 4:41 notation was an inadvertent error.

We defer to the district court's finding that the agents' testimony was credible. United States v. Lockett, 393 F.3d 834, 837-38 (8th Cir. 2005). Given the agents' testimony, the district court's finding that Rodriguez-Zuniga received Miranda warnings before questioning is not clearly erroneous. See United States v. Terry, 400 F.3d 575, 579 (8th Cir. 2005) (standard of review). Thus, Rodriguez-Zuniga's incriminating statements were not obtained in violation of Miranda.

-2-

Because the district court properly denied Rodriguez-Zuniga's motion to suppress and motion for a mistrial, we affirm Rodriguez-Zuniga's conviction.

_____